UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60988-CIV-COHN/SELTZER

ROSALIGIA ALVAREZ FEBLES a/k/a
ROSALIGIA ALVAREZ,

      Plaintiff,

v.

S&G INVESTCO INC., a Florida corporation,
EDILEEN SALICRUP and RONALD GLAZER,

      Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants Edileen Salicrup and Ronald Glazer's Motion to Dismiss for Improper Summons, for Lack of Jurisdiction, Notice of Intention to Seek Prevailing Party Attorneys Fees and Request for Legal Assistance, and Notice of Dispute Pursuant to any Applicable Sections of the Securities Act, Exchange Act, and U.S.C. [DE 23] ("Motion to Dismiss").[1] The Court has considered the Motion to Dismiss, Plaintiff's Opposition [DE 27], the record in this case, and is otherwise advised in the premises.

## I. BACKGROUND

This action arises out of an alleged "improper solicitation and purported

---

[1] The Motion to Dismiss is styled on behalf of all Defendants, including S&G Investco Inc. This Court entered an Order on November 30, 2009 stating that "if S&G Investco, Inc. fails to have an attorney licensed to practice before this Court file a notice of appearance on behalf of S&G Investco, Inc. within 30 days of this Order, the Court may enter a default judgment in favor of Plaintiff and against Defendant S&G Investco, Inc." DE 13 at 3. Neither Defendant Salicrup or Glazer is a licensed attorney and, therefore, the arguments in the Motion to Dismiss are moot with respect to S&G Investco Inc.

investment in the foreign exchange currency market [ ] orchestrated by Defendants." DE 1 ¶ 13. Plaintiff alleges that in or about March 2008 she was solicited to invest funds with S&G Investco Inc. Id. ¶ 14. Plaintiff ultimately invested $80,000 in S&G Investco Inc. in 2008. Id. ¶ 16. Plaintiff alleges that Defendants made material misrepresentations about the potential for returns on the investment and that Defendants used investor funds for improper purposes. See id. ¶¶ 17, 22. Plaintiff further alleges that S&G Investco Inc. was essentially a Ponzi scheme in that the company "depends on the sale of new investment contracts to meet its current financial obligations, such as interest payments and capital refunds to current investors." Id. ¶ 21. In addition, Plaintiff alleges that her investment qualifies as a "security" under the Securities Act and the Exchange Act and "[n]o registration statement has ever been filed in connection with the investment contracts offered and sold by Defendants, and no exemption from registration applies." Id. ¶ 19. Plaintiff brings a number of claims including violations of the securities laws, fraudulent inducement and breach of fiduciary duty.

## II. LEGAL STANDARD

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted).

The Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). At this stage in the litigation, the Court must consider the allegations in the Complaint as true. Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Although the Court is required to liberally construe a *pro se* litigant's pleadings, the Court does not have "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### III. ANALYSIS

The Motion to Dismiss argues that the Complaint should be dismissed because (1) the Defendants were not properly served, (2) this Court lacks jurisdiction, and/or (3) the Securities Act and the Exchange Act do not apply to the transaction between Plaintiff and Defendants. As discussed below, each of these arguments lack merit and the Motion to Dismiss will be denied.

#### 1.  Improper Service

Defendants' Motion to Dismiss argues that the Complaint should be dismissed because of improper service. Specifically, the Motion to Dismiss claims that S&G Investco Inc. "has always been inactive and continues to be inactive. Accordingly, any

summons served to inactive directors of an inactive corporation would be improper."
DE 23 at 1-2. In Opposition, Plaintiff attaches proofs of service to establish that Defendants Salicrup and Glazer were personally served. In addition, Plaintiff cites Fla. Stat. § 607.1421, which provides, in part, as follows:

> (3) A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under s. 607.1405 and notify claimants under s. 607.1406.
>
> (4) A director, officer, or agent of a corporation dissolved pursuant to this section, purporting to act on behalf of the corporation, is personally liable for the debts, obligations, and liabilities of the corporation arising from such action and incurred subsequent to the corporation's administrative dissolution only if he or she has actual notice of the administrative dissolution at the time such action is taken; but such liability shall be terminated upon the ratification of such action by the corporation's board of directors or shareholders subsequent to the reinstatement of the corporation under ss. 607.1401-607.14401.
>
> (5) The administrative dissolution of a corporation does not terminate the authority of its registered agent.

Accordingly, the Court rejects Defendants' argument that the Complaint should be dismissed for improper service.

### 2. Lack of Jurisdiction

The Motion to Dismiss next argues that Defendant S&G Investco Inc., a Florida corporation, "has been inactive since 2007" and is not a proper party to this lawsuit. DE 23 at 2. Rather "S&G Investco, Inc., a corporation incorporated under the laws of the Commonwealth of Puerto Rico since February 4, 2008 is the corporation that was active at the time of Plaintiff's Capital Contribution in exchange for a Promissory Notice [ ] and which explicitly indicates that any claims that the Promissory Note Holder may have against the corporation should be brought at the San Juan, Puerto Rico First

4

Instance Court." Id. Therefore, the Motion to Dismiss argues that this Court lacks jurisdiction.

Plaintiff responds that the statements in the Motion to Dismiss are false. To support this charge, Plaintiff attaches a printout from the Florida Department of State indicating that S&G Investco Inc. is a Florida corporation which was administratively dissolved on September 26, 2008. See DE 27-4. In any event, the Complaint alleges that Plaintiff engaged in a transaction with S&G Investco Inc., a Florida corporation, and brings federal claims for violation of the United States' securities laws. Accordingly, the Court has jurisdiction over this action. The purported "Promissory Note" relied on by Defendants is not signed by Plaintiff and is insufficient to deprive the Court of jurisdiction.[2]

### 3. Applicability of the Securities Act and the Exchange Act

Defendants argue that "Plaintiff's capital contribution was not an investment; it was a loan for which a Promissory Note was issued in exchange for the capital contribution and for which interest payments were paid periodically to her in accordance to said Promissory Note." DE 23 at 3. As Plaintiff points out, the Securities Act defines the term "security" as "any note, stock, treasury stock, security future, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing

---

[2] Plaintiff's Opposition responds as follows to Defendants' argument that Plaintiff was actually doing business with an entity which was formed in Puerto Rico rather than Florida: "[A]ll documents, solicitations and communications made to the Plaintiff to induce her to invest her funds with Defendants came from the Florida corporation. . . . Moreover, Plaintiff was instructed, and in fact made her deposits, to an account at Washington Mutual Bank in Weston, Florida, held by S&G Investco, Inc., the Florida corporation, listing an address in Weston as the address for Defendant S&G Investco, Inc." DE 27 at 4.

5

agreement . . . ." 15 U.S.C. § 77b(a)(1).[3] The definition of security "seeks to confine the protection of the securities laws to investors and exclude from the Act's protection borrowers and lenders in commercial settings." Hunssinger v. Rockford Business Credits, Inc., 745 F.2d 484, 488 (7th Cir. 1984). Therefore, the salient characteristic of a "security" is that it establishes a "transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." SEC v. Howey Co., 328 U.S. 293, 299 (1946). This definition is met by Plaintiff's allegation that she invested funds with the Defendants based on the understanding that her money would be "managed and invested by [S&G Investco Inc.] in the [foreign exchange currency market]." DE 1 ¶ 14. Accordingly, the Motion to Dismiss will be denied.[4]

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 23] is **DENIED**.

2. Defendants Salicrup and Glazer shall respond to the Complaint on or before **March 22, 2010**. Failure to respond to the Complaint by that date may result in the entry of a Clerk's Default.

---

[3] The definition of "security" in the Exchange Act, set forth in 15 U.S.C. § 78c(a)(10), is "virtually identical." Tcherepnin v. Knight, 389 U.S. 332, 335-36 (1967). "In practice, they are interchangeable." Secon Service System, Inc. v. St. Joseph Bank and Trust Co., 855 F.2d 406, 411 n.5 (7th Cir. 1988).

[4] The Motion to Dismiss also requests legal assistance to be provided to Defendants. The Court has previously rejected this request explaining that there is no right to counsel in civil actions. See DE 13 at 3.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 4th day of March, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Edileen Salicrup
1112 Weston Road, Ste 117
Weston, Florida 33326

Ronald Glazer
1112 Weston Road, Ste 117
Weston, Florida 33326

S&G Investco Inc.
Registered Agent: Spiegel & Utrera, P.A.
1840 SW 22nd Street, 4th Floor
Miami, FL 33145