IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60988-CIV-COHN/SELTZER

ROSALIGIA ALVAREZ FEBLES a/k/a
ROSALIGIA ALVAREZ,

      Plaintiff,

v.

S&G INVESTCO INC., a Florida corporation,
EDILEEN SALICRUP and RONALD GLAZER,

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST S&G INVESTCO INC.

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Judgment Against Defendant S&G Investco Inc. [DE 29] ("Motion"). The Court has considered the Motion, the record in this case, and is otherwise advised in the premises. For the reasons discussed below, the Court will deny the Motion without prejudice.

### I. BACKGROUND

This action arises out of an alleged "improper solicitation and purported investment in the foreign exchange currency market [ ] orchestrated by Defendants." DE 1 ¶ 13. Plaintiff alleges that in or about March 2008 she was solicited to invest funds with S&G Investco Inc. Id. ¶ 14. Plaintiff ultimately invested $80,000 in S&G Investco Inc. in 2008. Id. ¶ 16. Plaintiff alleges that Defendants made material misrepresentations about the potential for returns on the investment and that Defendants used investor funds for improper purposes. See id. ¶¶ 17, 22. Plaintiff

further alleges that S&G Investco Inc. was essentially a Ponzi scheme in that the company "depends on the sale of new investment contracts to meet its current financial obligations, such as interest payments and capital refunds to current investors." Id. ¶ 21. In addition, Plaintiff alleges that her investment qualifies as a "security" under the Securities Act and the Exchange Act and "[n]o registration statement has ever been filed in connection with the investment contracts offered and sold by Defendants, and no exemption from registration applies." Id. ¶ 19. Plaintiff brings a number of claims including violations of the securities laws, fraudulent inducement and breach of fiduciary duty.

The Complaint was filed on July 6, 2009 and served on Defendant S&G Investco Inc. on July 9, 2009. On August 13, 2009, the Plaintiff filed a Motion for Default as to all Defendants. On August 21, 2009, Defendants Edileen Salicrup and Ronald Glazer (together, the "Individual Defendants") filed a *pro se* Motion to Dismiss arguing they were improperly served and requesting the Court to appoint counsel on behalf of all Defendants.

On November 6, 2009, the Court granted in part and denied in part Defendants' Motion to Dismiss. See DE 13. In particular, the Court denied Defendants' request for counsel. As to Defendant S&G Investco Inc., the Court ordered it obtain counsel within 30 days based on the proposition that a corporation cannot proceed *pro se*. Further, the Court stated that "if S&G Investco, Inc. fails to have an attorney licensed to practice before this Court file a notice of appearance on behalf of S&G Investco Inc. within 30 days of this Order, the Court may enter a default judgment in favor of Plaintiff and against Defendant S&G Investco Inc." To date, no counsel has filed a notice of

appearance on behalf of Defendant S&G Investco Inc.  Meanwhile, the Individual Defendants have appeared in the action and are proceeding *pro se*.

## II. ANALYSIS

District courts have "the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).  Federal Rule of Civil Procedure 55(a) provides, in pertinent part, that a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a).  A defaulted defendant is deemed to "admit[] the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.; accord Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005).  "Entry of judgment by default is a drastic remedy which should be used only in extreme situations." Wahl, 773 F.2d at 1169.  "There is a strong preference that cases be heard on the merits instead of imposing sanctions that deprive a litigant of his day in court." Owens v. Benton, 190 Fed. Appx. 762, 763 (11th Cir. 2006).

"Courts have recognized . . . that in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments." Marshall & Ilsley Trust Co. v. Pate, 819 F.2d 806, 811 (7th Cir. 1987).  The Supreme Court recognized this proposition in Frow v. De La Vega, 82 U.S. 552 (1872).  In Frow, the plaintiff filed a complaint charging eight defendants with a "joint conspiracy" to defraud him of a piece of real property.  Of these eight defendants, Frow failed to file a timely answer and the

3

district court entered a pre-trial default judgment against him. The district court ultimately decided the merits of the case against the plaintiff and dismissed the complaint. Frow appealed the default judgment to the Supreme Court. Ruling in favor of Frow, the Supreme Court wrote:

> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the other, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such acts of incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.

Id. at 554.

Modern courts have interpreted Frow to stand for the following proposition:

> [I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved.

Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3d Cir. 1986). Several Circuits, including the Eleventh, have found Frow applies to situations where defendants are jointly and severally liable, or have closely related defenses. See, e.g., Neilson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001); Wilcox v. Raintree Inns of America, Inc., 76 F.3d 394 (10th Cir. 1996); Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1512 (11th Cir. 1984); U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1967). Other federal courts have applied the Frow doctrine more narrowly, such as in cases of true joint liability or cases where the defaulting defendant cannot be liable unless the non-defaulting defendants

4

are liable. See, e.g., McMillian/ McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319 (8th Cir. 1997) (Frow not extended to a situation where the co-defendants share closely related interests but are not truly jointly liable); Whelan v. Abell, 953 F.2d 663, 674-75 (D.C.Cir. 1992) (Frow should apply only when liability is truly joint or necessary for effective relief); In re Uranium Antitrust Litig., 617 F.2d 1248, 1256-58 (7th Cir. 1980) (Frow rule not extended to cases of joint and several liability if results are not logically inconsistent or contradictory).

According to Wright, Miller and Kane, the "key" in deciding the application of Frow to individual cases is to "recognize that the Frow principle is designed to apply only when it is necessary that the relief against the defendants be consistent. If that is not the case, then a default against one defendant may stand, even though the remaining defendants are found not liable." 10A Wright, Miller & Kane, Federal Practice and Procedure § 2690 (3d ed. 1998 & Supp. 2009). Even courts that take a limited view of the continued force of Frow conclude that the case controls "in situations where the liability of one defendant necessarily depends upon the liability of the others." International Controls Corp. v. Vesco, 535 F.2d 742, 746 n. 4 (2d Cir. 1976); see also In re Uranium, 617 F.2d at 1257.

All of the claims brought against Defendant S&G Investco Inc. are also brought against the Individual Defendants.[1] Further, because a corporate defendant can act only through its employees and agents, all of the claims asserted against Defendant S&G Investco Inc. are based on allegations regarding the Individual Defendants' actions. Indeed, throughout the Complaint, Plaintiff often refers to the Defendants

---

[1] Defendant also brings additional claims against the Individual Defendants for control person liability.

5

collectively. In addition, no other employees or agents of Defendant S&G Investco Inc., other than the Individual Defendants, are named in the Complaint. Accordingly, the defenses of the Individual Defendants will be "closely related" to the defenses of Defendant S&G Investco Inc., Wilcox, 76 F.3d 394, **3, and a default judgment against Defendant S&G Investco Inc. would be inconsistent if the Individual Defendants defeat the claims against them in this action. Therefore, the Court will deny Plaintiff's Motion without prejudice.

### III. CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Judgment Against Defendant S&G Investco Inc. [DE 29] is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 22ⁿᴰ day of July, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF